IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA P. BARRON,

        Petitioner,

v.

THOMAS LILLARD,

        Respondent.

Case No. 22-CV-02529-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 brought by Petitioner Joshua P. Barron, an inmate at Greenville Federal Correctional Institution. (Doc. 1). In his Petition, Cooper argues that the Bureau of Prisons ("BOP") did not properly apply time credit toward his federal sentence for the period from September 27, 2016 to February 5, 2017 during which he was in state custody in Minnesota. For the following reasons set forth, the Petition is **DENIED**.

### RELEVANT FACTS AND PROCEDURAL HISTORY

    Barron was arrested by state law enforcement in Minnesota on December 4, 2015 and held in custody until he was released on bond on December 31, 2015. (*See* Doc. 16, Ex. A, ¶ 3; *State v. Barron*, 66-CR-15-3095). He was subsequently arrested on February 3, 2016 and additional charges were filed in Dakota and Morrison Counties in Minnesota. (*Id.*, ¶ 4 (citing Case Nos. 19HA-CR-16-396; 19HA-CR-16-1171; CR-16-352)). Barron remained in state custody until he was moved to temporary federal custody via a writ of habeas corpus ad prosequendum following a

federal indictment on May 17, 2016 in the U.S. District Court for the District of Minnesota. (*Id.*, ¶ 5). He was held in temporary federal custody from May 19 to September 26, 2026. (*Id.*, ¶¶ 5–6). Once he was returned to state custody, Barron's state charges were resolved via a sentence for an aggregate term of 60 months imprisonment imposed on September 27, 2016. (*Id.*, ¶ 6). He was temporarily returned to federal custody on September 28, 2016 while serving that state sentence; he was sentenced to 180 months on his federal charges "to run concurrent to the defendant's current state sentence and any future state sentences" on February 6, 2017. (*Id.*, ¶¶ 7–8; *id.*, p. 36). He was subsequently returned to the Minnesota Department of Corrections ("DOC") on February 27, 2017 to serve the remainder of his state sentence as well as to face additional state charges. (*Id.*, ¶¶ 9–12). On March 8, 2017, Barron was sentenced to 30 months' imprisonment in the Rice County case (Case No. 66-CR-15-2441), for which he was credited with 429 days of time served credit; he was also sentenced to 365 days imprisonment on the same day in Case No. 66-CR-15-3095 and had 365 days of time served credit applied to that sentence. (*Id.*, ¶ 10).

Barron was released from the Minnesota DOC on June 3, 2019, at which time he was transferred to federal custody to serve the remainder of his federal sentence. (*Id.*, ¶ 12; *id.*, pp. 45–46). His projected release date is February 25, 2019. (*Id.*, ¶ 18). Barron filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 15, 2022. (Doc. 1). Respondent Eric Williams[1] filed a Response on

---

[1] As of June 20, 2023, Thomas Lillard had replaced Eric Williams as the Warden of FCI Greenville. (*See* Docs. 18, 20). Barron filed Motions to Substitute Party on April 12 and June 20, 2023 (*See* Docs.

February 27, 2023, to which Barron filed a Reply on March 16, 2023. (*See* Docs. 16, 17).

## APPLICABLE LEGAL STANDARDS

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973). The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). A federal prisoner may challenge the execution of his sentence in a petition filed under 28 U.S.C. § 2241 in the district of incarceration. *See Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (citing *Wilson*, 503 U.S. at 335).

Generally, the BOP's sentencing calculation is governed by 18 U.S.C. § 3585, which provides that a federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

Section 3585(b) governs credit for time served before the commencement of a federal sentence:

> (b) Credit for prior custody. — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or

---

18, 20). As no claims were brought against Williams in a personal capacity and in accordance with Rule 25(d) of the Federal Rules of Civil Procedure, this Court granted both motions in Orders dated April 14 and June 26, 2023, respectively. (*See* Docs. 19, 21). Because Williams filed the Response to Barron's Petition, he is still cited in this Order.

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

*Id.* (emphasis added).

## ANALYSIS

The argument that Barron is entitled to additional credit against his federal sentence lacks merit. As an initial matter, while Williams argues that a § 2241 petition is inappropriate for the subject matter of Barron's argument and that a motion brought pursuant to 28 U.S.C. § 2255 is the appropriate venue, because Barron challenges the BOP's application of presentence credit, a § 2241 petition is appropriate here.

### I.   Doctrine of Primary Custody

The BOP has the authority to determine when a sentence begins to run. *See Ponzi v. Fesseden,* 258 U.S. 25, 260-261 (1922). The question of when a federal sentence begins to run is governed by 18 U.S.C. § 3585(a) and by the doctrine of primary custody. *Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018). This rule dictates that "an inmate's federal sentence may only commence after the government exercises primary jurisdiction over him." *Id.*

In general, the sovereign that first arrests a defendant takes primary custody over him. *Id.* The transfer of a prisoner pursuant to a writ of habeas corpus ad prosequendum does not operate as a transfer of primary custody. *Jake v. Herschberger*, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999). To the contrary, the arresting

sovereign retains primary custody "until it relinquishes its priority." *Pope*, 889 F.3d at 415.

In this case, Barron was first arrested in Minnesota on December 4, 2015 and was incarcerated until he was released on bond on December 31, 2015. He was arrested again by state law enforcement on February 3, 2016 and, with the exception of the periods where he was temporarily in federal custody pursuant to a writ of habeas corpus ad prosequendum (from May 19 to September 26, 2016 and from September 28, 2016 to February 27, 2017), Barron was in state custody. Key here are the dates he was sentenced. He was sentenced to 60 months in Minnesota cases 19HA-CR-16-396 and 19HA-CR-16-1171 on September 27, 2016, during which he began serving that state sentence. Once he was sentenced in federal court on February 6, 2017, his federal sentence began. While Barron insists that the sentencing District Judge intended for his sentence to apply retroactively to the time period from September 28, 2016 to February 27, 2017, Williams insists that both BOP regulations and Seventh Circuit caselaw prohibit this. (*See* Doc. 16, pp. 11–14 (citations omitted)).

Although a federal sentence usually "commences on the date the defendant is received into custody awaiting transportation to the official detention facility at which the sentence is to be served," there are some caveats and exceptions. 18 U.S.C. § 3585(a). Indeed, the BOP has authority to utilize the date upon which the federal sentence was imposed to treat a prisoner as having begun his federal sentence prior

to arriving at a designated federal facility. 18 U.S.C. § 3621. This is generally referred to as a "nunc pro tunc" designation.

Although Barron was in the temporary custody of the U.S. Marshalls from May 19 to September 26, 2016 and from September 28, 2016 to February 27, 2017, he was detained pursuant to the writ, and as such, he remained in the *primary* custody of Minnesota state officials. (*See id.*, p. 11 (quoting *Jake v. Herschberger*, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999))). Then, once sentenced on February 6, 2017, the BOP designated that date as the commencement of his federal sentence.

Here, Barron was exclusively released into federal custody from Minnesota on June 3, 2019, which normally would have been then commencement date of his federal sentence; however, because the state and federal sentences were to be served concurrently, the BOP calculated his federal sentence to commence on the sentencing date of February 6, 2017. Notwithstanding the foregoing, there are limitations to the amount of credit that can be given and the Sentence Computation Manual provides that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." *See* BOP Program Statement 5880.28; *Manuel v. Terris*, 803 F.3d 826, 827 (7th Cir. 2015). As such, the BOP was bound by the sentencing date of February 6, 2017 and could not grant additional credit to retroactively begin Barron's sentence prior to the sentencing date, even if the District Judge had so ordered. The BOP did award 265 days of federal presentence credit in accordance with BOP Program Statement 5880.28[2] toward his sentence; this time represents the

---

[2] The BOP implemented this policy in the wake of *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). Current BOP policy states that federal presentence custody after the commission of a federal offense

period between Barron's first arrest and his release on bond (December 4 to December 31, 2015) and between his second arrest and his first state sentencing (February 3, 2016 to September 26, 2016).

## II. Doctrine of Prior Custody

Whether multiple prison sentences are to run concurrently or consecutively is governed by 18 U.S.C. §3584, which provides in relevant part that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. §3584(a). In this case, the federal sentencing judge, U.S. District Court Judge John H. Tunhein, specified that the sentence was to run concurrently to the other sentence imposed. (*See* Doc. 16, Ex. A, pp. 35–36).

As previously mentioned, 18 U.S.C. § 3585(b) states in part that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence*" with the exception of time credits under *Willis*. *Id.* (emphasis added); *see* BOP Program Statement 5880.2 (citing *Willis*). Because Barron was given credit towards his state sentence for his *entire* time in state custody (even while under the federal writ) BOP could NOT give him that same credit for his federal sentence once his state sentence was imposed on September 27,

---

and already credited against a state sentence may also be credited against a federal sentence if "the federal and non-federal terms are concurrent and the Raw EFT of the non-federal term is equal to or less than Raw EFT of the federal sentence." BOP Program Statement 5880.28.

2016 and could not begin his federal sentence before the date of its imposition on February 6, 2017. *See Terris*, 803 F.3d at 827.

While Barron insists in his Reply that the BOP disregarded Judge Tunhein's sentencing order by not having his federal sentence "run concurrent with his Minnesota sentence" which began on September 27, 2016 (which would thus give him additional time credit applied to his federal sentence), the above discussion demonstrates why this is not possible under both BOP regulations and established precent in the Seventh Circuit. Barron has been provided the maximum amount of time credit as is possible. For these reasons, Barron has failed to demonstrate that he is entitled to habeas corpus relief.

## CONCLUSION

For the reasons set forth above, Joshua P. Barron's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment accordingly and close this case on the Court's docket.

If Barron wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $605.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome

of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED:  February 1, 2024**

**s/ *Stephen P. McGlynn*** <br>
**STEPHEN P. McGLYNN** <br>
**U.S. District Judge**
